**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JEROME SIATKOWSKI          :
MAURICE BROOKS             :
                           :
v.                         : Civil Action WMN-00-3422
                           :
BALTIMORE CITY SHERIFF'S OFFICE :

### MEMORANDUM

Before the Court are Defendant's Motion to Dismiss First Amended Complaint (Paper No. 5) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Paper No. 7). The motions are ripe for decision. Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted and Plaintiffs' motion will be denied.

This action arises out of Plaintiffs Jerome Siatkowski and Maurice Brooks' employment as Sheriff's Deputies with Defendant Baltimore City Sheriff's Department ("Sheriff's Department"). Plaintiffs, who began their employment with the State of Maryland in 1970 as constables,[1] were "forced to retire in lieu of termination" on August 31, 1999. Amended Compl. at ¶ 1, 2. As a result, Plaintiffs, on June 20, 2000, filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination. The EEOC issued a Dismissal and Notice of Rights

---

[1] In September 1997, the departments in which Plaintiffs were employed became part of the Sheriff's Department. See Amended. Compl. at ¶ 1, 2.

1

Letter to each Plaintiff on August 11, 2000.  Subsequently, on November 16, 2000, Plaintiffs filed the instant action alleging employment discrimination under: Title VII, 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act ("ADEA"), 19 U.S.C. § 621, et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.  On February 20, 2001, Plaintiffs filed an amended complaint which was limited to claims under the ADEA.

On March 19, 2001, Defendant[2] filed a motion to dismiss the amended complaint on the ground that it is immune from suit in federal court under the Eleventh Amendment.[3]  Plaintiffs apparently conceded this issue as they did not oppose this motion.  Instead, on April 10, 2001, they filed a motion for leave to file a second amended complaint, which replaces the ADEA claims in their entirety with the allegation that Defendant violated Plaintiffs' due process rights under Article 24 of the Declaration of Rights of the Maryland Constitution.  See Proposed

---

[2]The only named Defendant is the Baltimore City Sheriff's Department.  While the Sheriff, John Anderson, was served, he is not a named party.

[3]Defendant, alternatively, argues that the amended complaint does not plead facts sufficient to support a prima facie case of age discrimination.  Because the Court finds that dismissal is appropriate pursuant to the Eleventh Amendment, Defendant's alternative argument is not addressed.

Second Amended Compl. at 2. Defendant opposes the amendment on the ground that granting Plaintiffs' request would be futile as the new claims are also barred by Eleventh Amendment immunity. See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that leave to amend pursuant to Federal Rule of Civil Procedure 15(a) should be denied when the amendment is futile). Plaintiffs, again apparently conceding this issue, have not filed a reply.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Cons. amend. XI. The "[a]doption of the Amendment responded most immediately to the States' fears that 'federal courts would force them to pay their Revolutionary War debts, leading to their financial ruin.'" Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 39 (1994) (quoting Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 151 (1984) (Stevens, J., dissenting)). Current Eleventh Amendment jurisprudence also "emphasizes the integrity retained by each State in our federal system," Hess, 513 U.S. at 39; i.e., "that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146

3

(1993).

Although by its terms the Eleventh Amendment applies only to suits brought against a State by "Citizens of another State," it is well established that "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)). This immunity extends as well to State agencies and other government entities properly characterized as "arm[s] of the State." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). In Maryland, the Sheriff's Department is properly characterized as a State agency and the sheriff as a state officer. See Prince George's Co. v. Aluisi, 354 Md. 422, 434 (1999); Ritchie v. Donnelly, 324 Md. 344, 357 (1991); Rucker v. Harford Co., 316 Md. 275, 281 (1989).

Assuming, arguendo, Plaintiffs have not abandoned their ADEA claims, this Court lacks jurisdiction unless it is found that the State has either waived immunity or Congress has abrogated it. See Mason v. Mayor and City Council of Baltimore, 1995 WL 168037, *2 (D. Md. March 24, 1995) (citing Pennhurst, 465 U.S. at 98-100). Neither party has asserted that the State has waived immunity. In addition, the ADEA does not effectively abrogate the States' immunity. See Kimel v. Florida Bd. of Regents, 528

4

U.S. 62, 66 (2000) (concluding that "the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, but that the abrogation exceeded Congress' authority under section 5 of the Fourteenth Amendment"). Thus, Defendant's motion to dismiss Plaintiffs' first amended complaint will be granted.

Likewise, Plaintiffs' motion for leave to file a second amended complaint must be denied, as the purported claim that Defendant violated Plaintiffs' due process rights under Article 24 of the Maryland Declaration of Rights is also barred by Defendant's Eleventh Amendment immunity. See Mason, 1995 WL 168037 at *2 (citing Catterton v. Coale, 84 Md. App. 337, 347 (1990), cert. denied, 321 Md. 638 (1991)). See also Pennhurst, 465 U.S. at 106.

A separate order will issue.

William M. Nickerson
United States District Judge

Dated: May 9 , 2001

5